## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

ANDREW PERRONG, on behalf of himself
and others similarly situated,

      Plaintiff,

v.                                       Civil Action No. 8:21-cv-783-KKM-TGW

DIRT CHEAP LOTS OF FLORIDA, LLC,

      Defendant.

_____/

### DEFENDANT DIRT CHEAP LOTS OF FLORIDA, LLC'S
### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, DIRT CHEAP LOTS OF FLORIDA, LLC, by and through its undersigned attorney, hereby submits its answer and affirmative defenses to Plaintiff's Complaint, and states as follows:

1. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. The case speaks for itself.

2. Defendant admits that Plaintiff purports to state a cause of action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") but denies the remaining allegations.

3. Denied.

4. Without knowledge and therefore denied.

5. Admitted.

6. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. To the extent a response is required, admitted for

jurisdictional purposes only, but denied that Plaintiff is entitled to the relief sought.

7. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. To the extent a response is required, admitted for jurisdictional purposes only, but denied that Plaintiff is entitled to the relief sought.

8. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. To the extent a response is required, admitted that venue is proper, but denied that Plaintiff is entitled to the relief sought.

9. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. The TCPA speaks for itself.

10. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. The TCPA speaks for itself.

11. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. Any findings by the Federal Communication Commission ("FCC") speak for themselves.

12. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. Any findings by the FCC and case law speak for themselves.

13. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. Otherwise denied.

14. Without knowledge and therefore denied.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation and denies the allegation on that basis.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation and denies the allegation on that basis.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation and denies the allegation on that basis.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation and denies the allegation on that basis.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation and denies the allegation on that basis.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Defendant admits that an individual contacted Plaintiff based upon Plaintiff's express consent; otherwise denied as worded.

23. Denied as worded.

24. Defendant admits a contract was sent to Plaintiff based upon Plaintiff's express consent and request; otherwise denied as worded.

25. Denied.

26. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond.  To the extent a response is required, denied as worded.

27. Denied.

28. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. To the extent a response is required, admitted that Plaintiff purports to bring an action; denied that Plaintiff or any putative class members are entitled to the relief sought or that Plaintiff has properly pled a class that could be certified.

29. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. To the extent a response is required, admitted that Plaintiff proposed a class definition; denied that Plaintiff has properly pled a class that could be certified or that this case is suitable for class treatment.

30. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond.  To the extent a response is required, denied.

31. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. To the extent a response is required, denied that Plaintiff has properly pled a class that could be certified or that this case is suitable for class treatment.

32. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond.  To the extent a response is required, denied.

4

33. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. To the extent a response is required, admitted that Plaintiff requests injunctive relief and monetary damages; denied that Plaintiff has properly pled a class that could be certified or that this case is suitable for class treatment.

34. Denied; further denied that Plaintiff has properly pled a class that could be certified and that this case is suitable for class treatment.

35. Without information and therefore denied as to whether Plaintiff knows the exact number of members in the alleged class; denied that the class member number would be in the hundreds; further denied that Plaintiff has properly pled a class that could be certified or that this case is suitable for class treatment.

36. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. To the extent a response is required, denied; further denied that Plaintiff has properly pled a class that could be certified or that this case is suitable for class treatment.

37. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. To the extent a response is required, denied; further denied that Plaintiff has properly pled a class that could be certified or that this case is suitable for class treatment.

38. To the extent this allegation calls for a legal conclusion, Defendant is not required to respond. To the extent a response is required, denied; further

denied that Plaintiff has properly pled a class that could be certified or that this case is suitable for class treatment.

39.    To the extent this allegation calls for a legal conclusion, Defendant is not required to respond.  To the extent a response is required, denied; further denied that Plaintiff has properly pled a class that could be certified or that this case is suitable for class treatment.

40.    To the extent this allegation calls for a legal conclusion, Defendant is not required to respond.  To the extent a response is required, denied; further denied that Plaintiff has properly pled a class that could be certified or that this case is suitable for class treatment.

41.    Without knowledge and therefore denied.

42.    To the extent this allegation calls for a legal conclusion, Defendant is not required to respond.  To the extent a response is required, denied; further denied that Plaintiff has properly pled a class that could be certified or that this case is suitable for class treatment.

43.    To the extent this allegation calls for a legal conclusion, Defendant is not required to respond.  To the extent a response is required, denied; further denied that Plaintiff has properly pled a class that could be certified or that this case is suitable for class treatment.

44.    Without knowledge as to "Plaintiff's awareness" and therefore denied.

6

**First Cause of Action**
Violation of the Telephone Consumer Protection Act
(47 U.S.C. 227(b) on behalf of the Robocall Class

45.     Defendant's responses to Paragraph One (1) through Forty-Four (44) are incorporated as if fully set forth herein.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

Prayer for Relief

Denied that Plaintiff or any putative members of the class are entitled to the requested relief. Further denied that Plaintiff has properly pled a class that could be certified.

**AFFIRMATIVE DEFENSES**

Without asserting the burden of proof, the Defendant, DIRT CHEAP LOTS OF FLORIDA, LLC, hereby asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

1.     Plaintiff has pled insufficient allegations so as to frame a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2.     Plaintiff and/or putative class members lack statutory or constitutional standing to bring the claims asserted.   Plaintiff and/or the putative

class members did not suffer any injury-in-fact.  Thus, the Complaint is barred for a lack of standing.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff provided express consent to be contacted and receive messages at the phone number identified in the Complaint. To the extent that any alleged communications transmitted by Defendant were done with Plaintiff and/or putative class members' prior express consent, Plaintiff and/or putative class members are barred from recovery under the TCPA.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff was not charged for the alleged communications transmitted by Defendant.  To the extent Plaintiff and/or putative class members were not charged for the alleged communications, Plaintiff and/or putative class members are barred from recovery under the TCPA.

## FIFTH AFFIRMATIVE DEFENSE

5.     Defendant did not use an automatic telephone dialing system as defined by the TCPA, and thus, Defendant cannot be liable to Plaintiff and/or putative class members. See *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021); *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. 2020), cert. denied sub nom. *Glasser v. Hilton Grand Vacations Co.*, No. 20-418, 2021 WL 1520787 (U.S. Apr. 19, 2021).

8

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claim is barred as a matter of law because the TCPA prohibits telephone calls to a residential telephone number, and the DNC registry is limited to residential subscribers.  Any alleged communications to Plaintiff were not made to a residential telephone number and were instead made to a business telephone number.  Plaintiff and/or putative class members' claims are barred to the extent that they do not operate a residential telephone number.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claim is barred because Plaintiff had an established business relationship with Defendant. Plaintiff and/or putative class members' claims are barred to the extent they have an existing and established business relationship with Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Any and all alleged pre-recorded calls to Plaintiff and/or putative class members included an Opt-Out provision. Furthermore, Plaintiff and/or putative class members could have otherwise revoked their previous consent to receive communications. Thus, Plaintiff and/or putative class members' claims are barred due to a failure to mitigate damages.  Plaintiff and/or putative class members failed to use reasonable care and could have mitigated any and all alleged damages by utilizing the Opt-Out option.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff is acting in bad faith and with unclean hands. Namely, Plaintiff made intentional misrepresentations to Defendant wherein Plaintiff specifically requested that Defendant contact Plaintiff and that Plaintiff wished to engage in a business transaction with Defendant. These misrepresentations were made with the intent that Defendant act on these misrepresentations. Plaintiff and/or putative class members are barred from recovery in this action to the extent that they are acting in bad faith and/or with unclean hands.

## TENTH AFFIRMATIVE DEFENSE

10. Defendant has substantially complied with the requirements of federal law. Otherwise, Defendant has acted in good faith and at all times had reasonable grounds to believe it acted properly with respect to any alleged communications to Plaintiff and/or the purported class. Defendant has established and implemented, with due care, reasonable practices and procedures to prevent any solicitations or advertisement in violation of the TCPA. Due to Defendant's compliance with all applicable law and/or good faith efforts, Plaintiff and/or putative class members' claims are barred.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff and/or putative class members are precluded from recovery for a willful and knowing violation of the TCPA because Defendant did not willfully or knowingly violate the TCPA.

## TWELFTH AFFIRMATIVE DEFENSE

12.     To the extent that any conduct by Defendant was based on a mistake of fact or law, Plaintiff and/or putative class members' claims are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     The TCPA is unconstitutionally vague and overbroad.   The TCPA is unconstitutional inasmuch as it is an unreasonable restriction on commercial speech and unreasonable regulation of free speech.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff and/or putative class members suffered no actual damages. As such, any award of statutory damages would be unconstitutional and violative of the Due Process Clause of the Fourteenth Amendment and Excessive Fines Clause of the Eighth Amendment. Any award of damages (if any) should be reduced to comport with due process.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     The Complaint is barred because Plaintiff and/or putative class members suffered no damages.   To the extent Plaintiff and/or putative class members suffered damages (which is wholly denied by Defendant), any damages were de minimis and were the result of Plaintiff and/or putative class members' own actions and/or omissions.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff and/or putative class members' claims are barred by the doctrines of acquiescence, waiver, laches, and estoppel. Plaintiff and/or putative

11

class members are equitably estopped from asserting a claim against Defendant due to their conduct, representations, and omissions, upon which Defendant detrimentally relied.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.   Plaintiff is not a member of the class as alleged and is not an adequate class representative.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.   This action cannot be maintained a class action under Federal Rule of Civil Procedure 23. Plaintiff is unable to establish typicality, numerosity, commonality, ascertainability/determinability, or adequate representation. Furthermore, a class action is not superior to other available methods.

## NINETEENTH AFFIRMATIVE DEFENSE

19.   This action cannot be maintained as a class action because Plaintiff seeks to certify a class that has not suffered any concrete or particularized injury. Furthermore, any damages in this case (if any) are incapable of proof on a class wide basis.

## TWENTIETH AFFIRMATIVE DEFENSE

20.   This action cannot be maintained as a class action because Plaintiff is seeking to certify a class wherein both Plaintiff and any putative class members lack standing.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. This action cannot be maintained as a class action because the issues and questions of fact vary for each individual and are not common to the purported class. The claims are not uniform, the issues cannot be resolved by class wide evidence, and certification of a class would be violative of Defendant's due process right to present defenses on an individual level.

## <u>RESERVATION OF RIGHTS</u>

The Defendant hereby reserves the right to amend and/or add to its Affirmative Defenses as discovery warrants, including but not limited to, unique affirmative defenses applicable to certain putative members of Plaintiff's alleged proposed class.

WHEREFORE, the Defendant DIRT CHEAP LOTS OF FLORIDA, LLC respectfully requests the Court dismiss Plaintiff's Complaint, award the Defendant attorney's fees and costs, and for all other further relief which the Court deems appropriate.

*/s/ Caitlin C. Szematowicz., Esq.*
**CAITLIN C. SZEMATOWICZ, ESQ.**
COUNSEL OF RECORD
FBN: 98489/SPN: 03278721
cszem@brdwlaw.com
ascha@ brdwlaw.com
tubel@brdwlaw.com
BATTAGLIA, ROSS, DICUS & MCQUAID, P.A.
5858 Central Avenue, Suite A
St. Petersburg, FL 33707
(727) 381-2300; Fax (727) 343-4059
Attorney for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 28, 2021, I filed the foregoing with the Clerk of the above named Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record: Avi R. Kaufman, Esq. Kaufman@kaufmanpa.com, Rachel E. Kaufman, Esq., Rachel@kaufmanpa.com, Kaufman, P.A., 1400 NW 26th Street, Miami, Florida 33127.

*/s/ Caitlin C. Szematowicz., Esq.*
**CAITLIN C. SZEMATOWICZ, ESQ.**
COUNSEL OF RECORD
FBN: 98489/SPN: 03278721